UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JERAMY L. DAVIS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Criminal Case No. 18-10010 <br> Civil Case No. 21-1268 |

**OPINION AND ORDER**

On April 6, 2023, the Court held a hearing related to Petitioner Jeramy Davis's 28 U.S.C. § 2255 petition on the narrow issue of whether Davis attempted to contact Counsel about filing an appeal in his underlying criminal case. The Court announced on the record there was insufficient evidence to find in Davis's favor and his petition (ECF No. 62) was denied. This written opinion follows to provide additional background and explanation.

**BACKGROUND**

Davis signed a plea agreement for possession of methamphetamine with intent to distribute and possession of a firearm in furtherance of drug trafficking. ECF No. 36 at 3. In that agreement, Davis waived his rights to appeal or collaterally attack his conviction and sentence except for limited exceptions, including that he received ineffective assistance of counsel. *Id*. at 7. Davis filed a motion to withdraw his guilty plea (ECF No. 43) but later withdrew the motion to withdraw his guilty plea. ECF No. 50. At sentencing, it was clear Petitioner understood that he was subject to mandatory minimum sentences. He spoke before the Court to explain his addiction and his use of firearms. He also explained that "I know I can't say anything for you guys to change my sentencing." ECF No. 59 at 8. The Court imposed the mandatory minimum sentence of 120 months

as to Count 1 and 60 months as to Count 3 to run consecutive to Count 1. ECF No. 54. Petitioner did not appeal his sentence, but nearly a year after his sentencing, he filed the instant § 2255 petition.

Petitioner initially filed a Motion to Vacate under 28 U.S.C. § 2255 raising numerous issues on September 23, 2021. The Court found that Petitioner had raised issues that required a response from the Government. (ECF No. 66). The Court granted the Government's Motion for Affidavits that Petitioner's three attorneys from his underlying criminal case submit affidavits to respond to his allegations. ECF No. 68. The Government filed a response brief along with the affidavits. ECF No. 78. Davis filed a reply. ECF No. 87. The Court ultimately denied Davis's Petition as to all issues except whether Petitioner attempted to contact counsel to file an appeal. ECF No. 94. The Court appointed Davis counsel and scheduled an evidentiary hearing on this narrow issue.

The Court held the first scheduled hearing on December 21, 2022 with Attorney William Loeffel representing Davis. At the hearing, Davis complained that he had been unable to communicate with Counsel and it appeared that Davis was refusing to cooperate with Counsel because he was unhappy that Counsel had not filed a written notice of appearance despite being appointed by the Court. The Court had repeatedly addressed this issue and explained to Davis that his attorney had been appointed and there was nothing else for his attorney to do in order to represent Davis. However, Mr. Loeffel agreed to file a written appearance and the Court rescheduled the hearing.

A second hearing was held on January 24, 2023. At that hearing, Davis still complained that he did not have adequate time to prepare with Counsel because they were unable to meet in person due to various illnesses and other scheduling conflicts. ECF No. 167 at 3. The Court called attorney Christopher McCall over Davis's objection because it was the second time he had

2

appeared for the hearing. The Court also allowed Detective Fitzgerald to testify regarding the jail phone records. The Court stated that Davis could ask that the Court recall Mr. McCall at a later date if needed.

Mr. McCall provided testimony that he discussed Davis's appeal rights with him on at least three occasions, that Davis never asked him or any of his staff to file an appeal, and that it is his policy to accept collect calls from inmates even after representation has ended. ECF No. 167 at 13. He further clarified that Davis waived his appeal rights and only wanted to discuss where he stood in terms of a Rule 35 reduction when they spoke about a month after his sentencing. *Id.* at 17. Detective Fitzgerald testified about Davis's phone records and confirmed that the first time McCall's office number appeared was October 26, 2020 which lasted 335 seconds and it was Davis who hung up that call. ECF No. 167 at 27.

The Court held a third hearing on February 23, 2023. Minute entry dated February 23, 2023. Davis informed the Court he had fired Mr. Loeffel as his counsel, accused him of lying, and Mr. Loeffel stated that Davis had threatened to sue him. The Court warned Davis it would not be appointing him another attorney. Notably, Mr. Loeffel was his fourth attorney in this proceeding. Davis agreed he would proceed *pro se* but stated he needed additional time to prepare. Accordingly, the Court allowed Mr. Loeffel to withdraw and scheduled a fourth hearing.

At the fourth hearing on April 6, 2023, Government witnesses again confirmed that Davis's phone records from the jail reflected that he did not call McCall until after the time period for filing an appeal had lapsed. They further explained that the new phone record system reflected calls that were placed even if the call was not answered. Davis's brother testified that he tried to place a collect call to attorney McCall, but that the office did not accept his collect call. He did not identify himself as either an inmate or a client. Davis read his affidavit and his position appeared to shift

from directly stating that he tried to call Counsel about filing an appeal, but that McCall knew about various issues in his case and should have protected his interests by filing an appeal. Davis stated that he spoke with someone in McCall's office on October 26, 2020 which was well outside the time to file an appeal. McCall confirmed Davis call around that time, but only to discuss a Rule 35 motion. Davis vaguely mentioned making a flurry of phone calls but did not provide specific testimony or specific dates about calling McCall in the relevant timeframe for filing an appeal.

Here, the Court reviewed the important events in this proceeding. However, Davis had flooded this Court with motions, filed multiple appeals, and there have been over 120 docket entries since Davis filed his 2255 petition. The Court will not review every frivolous request and appeal here, but notes that there were many.

## LEGAL STANDARD

Section 2255 provides that a prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence" on the basis that his sentence was imposed "in violation of the Constitution or laws of the United States . . ." 28 U.S.C. § 2255(a). If a petitioner is able to successfully assert a violation, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." § 2255(b). This is an extraordinary remedy because a petitioner seeking § 2255 relief has already "had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

Post-conviction relief under § 2255 "is appropriate only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (internal quotations and citation omitted). In deciding a § 2255 motion for post-conviction relief,

"evidence and inferences drawn from it are viewed in a light most favorable to the government." *United States v. Galati*, 230 F.3d 254, 258 (7th Cir. 2000).

## DISCUSSION

The Seventh Circuit has repeatedly confirmed that an attorney ignoring his client's instruction to file an appeal is a constitutional violation "regardless of whether an appeal was likely to succeed." *Ryan v. United States*, 657 F.3d 604, 606 (7th Cir. 2011) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *Peguero v. United States*, 526 U.S. 23, 28 (1999); *Rodriguez v. United States*, 395 U.S. 327, 330 (1969); *Gant v. United States*, 627 F.3d 677, 681 (7th Cir. 2010); *Castellanos v. United States*, 26 F.3d 717, 718 (7th Cir. 1994)). Once a petitioner has alleged that counsel failed to file an appeal "the only other question to ask is whether [the petitioner] had personal knowledge of the facts underlying his claim and, if so, whether anything made the allegations 'palpably incredible' or discovery otherwise pointless." *Id*. (citing *Machibroda v. United States*, 368 U.S. 487, 495 (1962); *Lafuente v. United States*, 617 F.3d 944, 946 (7th Cir. 2010); *see also Mahaffey v. Ramos*, 588 F.3d 1142, 1145 (7th Cir. 2009)). Accordingly, the Court was compelled to hold a hearing to resolve Davis's and McCall's competing claims about whether Davis attempted to contact counsel within the relevant timeframe to file an appeal.

The Court is persuaded by Attorney McCall's testimony that he always accepts collect calls from former clients even after representation has ended and his testimony that Davis was only interested in discussing Rule 35 motion to reduce his sentence. Davis's interest in a Rule 35 motion is reflected in the docket. ECF Nos. 78-4, 78-5. Moreover, the Government's witnesses explained that there was no record of Davis having placed a call to Mr. McCall in the relevant timeframe. Finally, Davis appeared to rely more on the argument that Counsel should have known that an appeal was necessary to protect Davis's interest rather than testifying that he tried to contact

McCall about an appeal. Davis did not provide specific information about calls he attempted to make that McCall's office purportedly rejected. Accordingly, the Court is persuaded that Davis did not direct Counsel to file an appeal and did not attempt to contact Counsel in the relevant timeframe about filing an appeal. Accordingly, the remainder of Davis's § 2255 petition is DENIED.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 proceedings require the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." As such, the Court must determine whether to grant Petitioner a certificate of appealability under 28 U.S.C. § 2253(c)(2).

According to § 2253, a habeas petitioner will only be allowed to appeal issues for which a certificate of appealability has been granted. *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* (citing 28 U.S.C. § 2253(c)). Under this standard, a petitioner must demonstrate that "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For cases in which a district court denies a habeas claim on procedural grounds, the habeas court should issue a certificate of appealability only if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

Consistent with the discussion above, the Court does not find that Petitioner has made a

substantial showing of the denial of a constitutional right. No claims raised before this Court have presented issues debatable among reasonable jurists. Therefore, the Court declines to certify any issues for appeal pursuant to § 2253(c)(2).

## CONCLUSION

For the reasons stated above, the remaining claim in Davis's Motion to Vacate under 28 U.S.C. § 2255 is DENIED.

ENTERED this 11th day of April, 2023.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
