UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JERAMY L. DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Criminal Case No. 18-10010 |
| v. | ) | Civil Case No. 21-1268 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### OPINION AND ORDER

Pending before the Court are several Motions from Petitioner Jeramy L. Davis, which the Court addresses below.

First, he seeks a motion or a stay of proceedings as he would be unable to file anything as he was being transferred. ECF No. 191. This appears to be directed at his appeals process, and this Court had already entered judgment and Davis already filed a notice of appeal at the time he filed this motion. Davis has since filed motions before this Court and this motion appears likely to be moot. In any event, the Court cannot extend his deadlines for briefing before Seventh Circuit but will send the motion to the Seventh Circuit.

Davis also filed a Motion to Vacate the Court's judgment denying his 28 U.S.C. § 2255 petition pursuant to Rule 60 of the Federal Rules of Civil Procedure. ECF No. 193. Rule 60(b) is "an extraordinary remedy . . . granted only in exceptional circumstances." *Dolin v. Glaxosmithkline LLC*, 951 F.3d 882, 886 (7th Cir. 2020). Relief may be granted in limited circumstances for reasons such as fraud, mistake, and newly discovered evidence. *Id*. citing Fed. R. Civ. P. 60(b). Davis argues that the opposing party's fraud prevented him from fully presenting the facts. Davis largely reiterates some arguments he already made and he misconstrues the

evidence presented at the hearing to argue that he did not receive recordings that exist of his conversation with Counsel. Davis had the full opportunity to present evidence and does not provide any reason for the Court to reconsider its decision to deny his § 2255 petition. Moreover, a Rule 60(b) motion "is not for rehashing previously rejected arguments" except in cases of a manifest error of law. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Davis repeats rejected arguments without pointing to a manifest error and misconstrues the testimony at the hearing to raise new issues that should have properly been addressed at the hearing. Neither are an appropriate basis for reconsideration and his motion is denied.

Davis also filed a motion claiming that the Court was biased against him, again claiming that his counsel did not file an entry of appearance, suggesting that he was deprived of his Constitutional Right of Counsel. Pursuant to 28 U.S.C. § 455(a), a judge must recuse "himself in any proceeding in which his impartiality might reasonably be questioned." However, unless there is a clear showing of potential bias, a judge has a duty not to disqualify himself under § 455 if no valid reason exists to do so. *See New York City Housing Development Corp. v. Hart*, 796 F.2d 976, 980 (7th Cir. 1986) (per curiam).

Here, Court has appointed Davis multiple attorneys who represented him throughout his underlying criminal and then post-conviction hearing. Davis had counsel file motions on his behalf, appear on his behalf, and the Court ruled on those motions and heard arguments from counsel, never precluding them from appearing. When Davis first raised issue with Counsel not filing a notice of appearance in his § 2255 proceeding, the Court held a telephone status conference explaining that he had been appointed Counsel and the matter appeared resolved. *See Minute Entry dated* 9/21/2022. Then, the Court moved an evidentiary hearing because Davis was not satisfied with Counsel and refused to cooperate. *See Minute Entry dated* 12/21/2022. William Loeffel,

Davis's appointed counsel, then specifically drafted an entry of appearance to appease Davis. ECF No. 150.The Court moved the hearing a second time because Davis claimed he did not have adequate time to prepare for the hearing. *See Minute Entry dated* 1/24/2023. The Court then continued a hearing a third time because Davis fired his appointed counsel. The Court has been exceptionally accommodating to Davis's concerns about Counsel and Davis's unhappiness with the Court's rulings does not indicate bias. Davis does not present any reason that he should be provided a fifth opportunity for an evidentiary hearing or point to any bias from the Court. Davis flooded this Court with frivolous motions, sometimes raising the same rejected arguments multiple times. The Court's concise orders reflect that the motions were meritless, not that the Court was somehow bias. Accordingly, this Motion is denied.

In conclusion, Defendant's Motion for Stay [191]; Motion to Vacate [193] and Motion for New Evidentiary Hearing and Affidavit of Bias or Prejudice [194] are DENIED. The Clerk is DIRECTED to forward Defendant's Motion for Stay [191] to the Seventh Circuit.

ENTERED this 30th day of May, 2023.

s/ Michael M. Mihm
Michael M. Mihm
United States District Court Judge